IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES H. FENNER,

     Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

     Defendant.

Civ. No. 3:14-cv-01318-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

     Claimant James Harold Fenner brings this action for judicial review of a final decision of the Commissioner of Social Security reducing his retirement benefits under the Windfall Elimination Provision ("WEP") of the Social Security Act. 42 U.S.C. § 415(a)(7); 20 C.F.R. § 404.213.

     The issues before this Court are whether the Administrative Law Judge (ALJ) erred in concluding (1) that Fenner's previous non-profit work did not qualify as an exception to the WEP; (2) that Fenner's pension from work in Germany is not a military pension under the WEP; and (3) that Fenner had fewer than thirty years of qualifying earnings. Because the ALJ provided specific, clear and convincing reasons for his determinations that are supported by substantial evidence in the record, the Commissioner's decision is AFFIRMED.

## FACTUAL BACKGROUND

     Fenner was an officer with the United States Air Force who was stationed in Germany on active duty during the Vietnam War between 1966–69. Tr. 162. Fenner subsequently lived in

1 – OPINION AND ORDER

Germany between 1974–87, where he maintained a role in the Air Force Reserve as well as a teaching position with a non-profit university in Berlin. Tr. 80. Fenner additionally worked for a non-profit in Euskirchen, Germany. Fenner returned to the United States in 1987 and worked full-time until retiring in 2003.

In June 2006, Fenner began receiving the retirement benefits now at issue from the SSA. Tr. 105. In September 2008, Fenner began receiving a pension from the German government stemming from his time working in Berlin. Tr. 38. In April 2010, Fenner notified the SSA of the pension he was receiving from the German government. Tr. 71.

## PROCEDURAL BACKGROUND

On December 16, 2010, the Social Security Administration ("the SSA") determined it had overpaid retirement benefits to Fenner based on the fact that Fenner's benefits are subject to the WEP. Tr. 77. The agency based this decision on a pension Fenner received from work performed in Germany, resulting in earnings from which social security taxes were not deducted.

Fenner requested reconsideration of the recalculation and sought a waiver of the overpayment order, arguing that he was exempted from the WEP based on the three arguments he poses in the instant action. Tr. 79, 81. The Commissioner denied Fenner's requests. Tr. 86. Following those denials, Fenner sought a hearing and appeared *pro se* and testified before Administrative Law Judge ("ALJ") Steve Lynch. Tr. 157.

The ALJ issued his opinion on October 26, 2012, finding that Fenner was not exempted from WEP and liable for overpayment. Tr. 15. Fenner's subsequent request for review was denied by the Appeals Council on May 14, 2014. Tr. 147. Fenner now brings this action seeking judicial review under 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.,* 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater,* 157 F.3d 715, 720–21 (9th Cir. 1998)).

## DISCUSSION

The Windfall Elimination Provision ("WEP") operates to prevent retirement benefit windfalls for individuals who split careers between employment that is taxed for social security purposes and employment that is not. *Newton v. Shalala*, 874 F. Supp. 296, 298 (D. Or. 1994). Under the WEP, the SSA may recalculate Title II retirement benefits for retirees who receive a separate, additional pension. 42 U.S.C. § 415(a)(7). A retiree is eligible for WEP recalculation if the retiree: (1) attains age of sixty-two after 1985; (2) becomes eligible for a periodic SSI payment based on work where the individual did not pay taxes after 1985; or (3) becomes disabled after 1985. 42 U.S.C. § 415(a)(7). As the ALJ properly found, Fenner is eligible under the WEP, as he attained age sixty-two in 2006 and received an additional pension from the German government. Tr. 12–14, 38.

Fenner first argues that he should be exempt from the WEP pursuant to an exception that applies to individuals who are or were employees of a non-profit organization which did not

3 – OPINION AND ORDER

withhold social security taxes on employees' earnings as of the end of 1983, but began withholding on January 1, 1984. 42 U.S.C. § 415(7)(E)(ii); SSA POMS RE 00605.362(B)(2). The ALJ was not presented with record evidence that the Fraunhofer society, for which Fenner worked, fell within this category of employer. Fenner concedes that neither he nor that organization were able to find records that it withheld the requisite social security taxes. Pl.'s Reply to Answer, 1, ECF No. 13. The ALJ did not err in his findings regarding this exception.

Fenner additionally argues that he should be exempt from the WEP because his Air Force Reserve military earnings between 1979–86 fit into the WEP exemption for pension based wholly on uniformed military service from·1957–87, 42 U.S.C. § 415(7)(A)(ii); SSA POMS RS 00605.383(A). This argument fails, as Fenner's German pension derives from his non-profit employment rather than his military employment. Tr. 14, 38. The ALJ did not err in his findings related to this exception.

Finally, Fenner argues that he should be exempt from the WEP because he attained the requisite thirty years of covered earnings, which are year during which earnings are subject to social security taxes. 42 U.S.C. § 415(7)(D); SSA POMS RS 00605.362(A)(1). In this case, covered earnings are not proven from 1961–66. Fenner did not introduce proof of earnings into the record supporting the contention that Fenner received covered earnings for those years, and the record reflects only verification of employment for 1963, 1964, and 1965, and no proof that earnings were subject to social security deductions. In addition, regarding earnings from 1979–86, Fenner argues that the Air Force told him that it was in fact withholding social security taxes, when it was not. Tr. 147–49. Fenner's position is that, had he known the Air Force was not properly withholding social security taxes on his earnings, he would have made the requisite changes to pay said taxes. Fenner does not argue that he indeed paid such taxes. This set of

4 – OPINION AND ORDER

circumstances is unfortunate, but it does not create error in the ALJ's findings, nor does it bring

Fenner within the required thirty years of covered earnings, per the requirements of the WEP.

The ALJ did not err in his findings related to this exception.

## **CONCLUSION**

Because the Commissioner's decision is based on proper legal standards and supported

by substantial evidence in the record, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

Dated this ⎫𝓛 day of January, 2016.

_____
**Michael J. McShane**
**United States District Judge**